# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM MORGAN REEVES, III,
      Petitioner,

v.                                 Case No. 8:25-cv-1070-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____

## ORDER

    Reeves, a Florida prisoner, filed a pro se Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 3.) Having considered the petition, (*id.*), and the response opposing the petition as time-barred, (Doc. 23), the amended petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted. Reeves's pending motions to compel, (Doc. 29), and for clarification, (Doc. 32), are denied as moot.

## I.    BACKGROUND

    The State of Florida charged Reeves with three counts of sexual battery (counts one, two, and three) and one count of armed burglary (count four). (Doc. 25-1, Ex. 1.) A state court jury convicted Reeves of count two, and the state

---

[1] Reeves did not file a reply.

1

trial court sentenced him to life in prison. (Doc. 25-1, Exs. 3 & 4.) Reeves later pleaded nolo contendere to counts one, three, and four. (Doc. 25-1, Ex. 13.) Reeves was sentenced to concurrent terms of 20 years in prison for these counts. (Doc. 25-1, Ex. 14.) The state appellate court per curiam affirmed all the convictions and sentences. (Doc. 25-1, Exs. 10 & 18.)

Reeves sought postconviction relief from the conviction and sentence for count two under Florida Rule of Criminal Procedure 3.850. (Doc. 25-1, Ex. 11.) His motion was denied, and Reeves did not appeal the denial. (Doc. 25-1, Ex. 12.) Reeves did not seek postconviction relief regarding the other convictions and sentences.

## II.   <u>LEGAL PRINCIPLES</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the AEDPA, a federal habeas petitioner has one year to file a § 2254 petition. This one-year limitation period starts running on the later of "the date on which the judgment became final by the conclusions of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while a "properly filed application for State post-

2

conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

III. <u>ANALYSIS</u>

A. Count Two

The state appellate court per curiam affirmed Reeves's conviction and life sentence for count two on December 18, 2009. (Doc. 25-1, Ex. 10.) The judgment became final on March 18, 2010, upon expiration of the 90-day period to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

The AEDPA limitation period ran untolled for 187 days, until September 22, 2010, when Reeves filed his state court motion for postconviction relief for count two. (Doc. 25-1, Ex. 11.) The state court denied the motion on December 20, 2010. (Doc. 25-1, Ex. 12.) The motion remained pending for AEDPA purposes until the time to file a notice of appeal expired on January 21, 2011. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006).

Reeves had 178 days, until July 18, 2011, to file his § 2254 petition or to file another tolling motion in state court. He did not do so. Accordingly, Reeves's amended petition, deemed filed on April 28, 2025, is untimely under § 2244(d)(1)(A) as to count two.

**B. Counts One, Three, and Four**

Any claims concerning counts one, three, and four, to which Reeves pleaded guilty, are also untimely. The convictions and sentences were affirmed on direct appeal on October 7, 2011. (Doc. 25-1, Ex. 18.) They became final on January 5, 2012, and the AEDPA limitation period started running the next day, January 6, 2012. *See Bond*, 309 F.3d at 774. Reeves did not file either a tolling motion in state court or his federal habeas petition by January 6, 2013. Accordingly, any of Reeves's § 2254 claims involving counts one, three, and four are untimely.

**C. Reeve's Additional Allegations**

In the section of the § 2254 form for timeliness, Reeves alleges that he suffered a traumatic brain injury in 2022 and that he spent 11 months in an outside hospital, followed by 8 months in the ICU at his prison. (Doc. 3, p. 12.) He contends that he suffered memory loss about "a lot of [his] past" and that some of his memories began to return in 2023 and 2024. (*Id.*, p. 13.) Reeves refers to having continually filed pleadings in the state courts since this time. (*Id.*, p. 12; *see* Doc. 25-1, Exs. 19 & 20.) Reeves appears to allege that in either 2024 or 2025, he realized that he had never received sentencing guidelines or certain other documents from a state court and that the state court "never denied" unspecified claims. (*Id.*, p. 13.)

4

### 1. Applicability of Section 2244(d)(1)(D)

Reeves refers to "due diligence" and to having received "60 pages of discovery" in October 2024. (*Id.*, p. 9.) Even liberally construing Reeves's petition as asserting entitlement to a later start of the AEDPA limitation period under § 2244(d)(1)(D), he has not shown that his petition is timely. Section 2244(d)(1)(D) provides that the limitation period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Reeves does not clearly identify any newly discovered evidence. Nor does he explain how the alleged events and court filings in 2022 and later provide a factual basis for a cognizable habeas corpus claim that could not have been uncovered earlier through due diligence. Reeves has not shown that § 2244(d)(1)(D) applies to his petition in determining its timeliness.

### 2. Equitable Tolling

To the extent that Reeves's allegations are construed as asserting entitlement to equitable tolling, he has not shown that such relief is warranted. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances.").

Reeves's vague allegations do not establish exceptional circumstances for purposes of equitable tolling. Additionally, Reeves alleges that his traumatic brain injury occurred in 2022 and that he has pursued filings in state court from 2023 to 2025. These matters occurred years after Reeves's AEDPA limitation period expired in 2011 and 2013. Therefore, Reeves cannot make the necessary showing that his inability to timely file his § 2254 petition resulted from an exceptional circumstance. *See Holland*, 560 U.S. at 649. Finally, Reeves does not assert that he was diligently pursuing the timely filing of his

§ 2254 petition when an exceptional circumstance prevented him from meeting the deadline.[2] Reeves is not entitled to the application of equitable tolling.

### D. Reeves's Motions

Reeves filed a motion to compel, in which he incorrectly asserts that Respondent did not timely respond to his amended petition. (Doc. 29.) Reeves also filed a motion for clarification, in which he appears to seek additional case-related documents and "discovery." (Doc. 32.) These motions are denied as moot.

## IV.    CERTIFICATE OF APPEALABILITY

Reeves is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Reeves must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Reeves cannot satisfy the second prong of the *Slack* test. As Reeves is not entitled to a COA, he is not entitled to appeal in forma pauperis.

---

[2] Reeves does not argue that the actual innocence exception applies to allow review of his untimely petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Therefore, the Court **ORDERS** that Reeves's Amended Petition for Writ of Habeas Corpus, (Doc. 3), is **DISMISSED with prejudice as time-barred**. Reeves's motions to compel, (Doc. 29), and for clarification, (Doc. 32), are **DENIED as moot**. The **CLERK** is directed to enter judgment against Reeves and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 31, 2025.

Kathryn Kimball Mizelle
United States District Judge